John G. Michael #106107
Sherrie M. Flynn #240215

**BAKER, MANOCK & JENSEN**
A PROFESSIONAL CORPORATION
FIG GARDEN FINANCIAL CENTER
5260 NORTH PALM AVENUE, FOURTH FLOOR
FRESNO, CALIFORNIA 93704-2209
TELEPHONE (559) 432-5400
TELECOPIER (559) 432-5620

Attorneys for Plaintiff BERNARD BERRIAN

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| BERNARD BERRIAN,<br><br>  Plaintiff,<br><br>v.<br><br>RYAN M. PERKINS, an individual,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR BAD FAITH CYBERPIRACY PURSUANT TO 15 U.S.C. § 1125(d), CYBERPIRACY PURSUANT TO 15 U.S.C. § 8131(1)(A), and CYBERPIRACY PURSUANT TO CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17525(a)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bernard Berrian ("Plaintiff") alleges as follows:

### JURISDICTION

1. This Court has original subject matter jurisdiction over the claims alleged herein pursuant to 28 U.S.C. §§ 1331 and 1338, because the case involves a federal question arising under the trademark laws of the United States. Supplemental jurisdiction over state law claims is proper pursuant to 28 U.S.C. 1367, because the state law claims are so related to the federal question claims that they form part of the same case and controversy.

### VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because defendant resides within this judicial district, and a substantial part of the events giving rise to the claims occurred within this district.

///

---

**COMPLAINT**

## THE PARTIES

3. Plaintiff is an individual and professional football player in the National Football League ("NFL") currently with the Minnesota Vikings, with his business office in the City of Clovis, Fresno County, California. Prior to playing football in the NFL, Plaintiff played college football at California State University, Fresno ("Fresno State").

4. Plaintiff is informed and believes that defendant RYAN M. PERKINS ("Defendant") resides in Fresno, California, and is doing business both in the United States and internationally.

## FACTUAL ALLEGATIONS

5. On or about July 20, 2008, Plaintiff discovered that Defendant registered the domain names www.bernardberrian.com and www.bberrian.com (the "Domain Names") without Plaintiff's consent. Plaintiff is informed and believes that Defendant registered the Domain Names on or about February 8, 2004.

6. Plaintiff's name, due to his profession and stature as a football player in the NFL, is, and was famous at the time that Defendant registered the Domain Names. Plaintiff has common law trademark rights in his name, and Plaintiff's name, Bernard Berrian ("Mark") is protected under both federal and state trademark laws.

7. Defendant does not currently have, and at no time ever had, any ownership rights or entitlement, or permission to own, develop or register the Domain Names.

8. Plaintiff, on multiple occasions, through representatives and agents, sought transfer of the domain names on an informal basis, without success.

9. Defendant registered the Domain Names in bad faith with an intent to profit, advertised the Domain Names for sale at a profit, and proposed to sell the Domain Names to Plaintiff and others for profit.

10. Plaintiff is informed and believes that Defendant also registered and advertised the domain names of other similarly situated professional athletes for sale at a profit.

11. On or about June 10, 2009, Defendant threatened that if Plaintiff refused to pay for the Domain Names, and provide other consideration including, but not limited to a football

autographed by Plaintiff and two football tickets to a NFL game, Defendant would transfer the Domain Names to a business associate who is a citizen of the Republic of China so as to prevent Plaintiff from obtaining the Domain Names

## FIRST CAUSE OF ACTION
### Violation of the Anticybersquatting Consumer Protection Act
### (15 U.S.C. § 1125 (d))

12. Plaintiff refers to and incorporates by this reference all of the allegations of Paragraphs 1 through 11 as though fully set forth herein.

13. The Domain Names registered by Defendant are identical or confusingly similar to Plaintiff's Mark.

14. Plaintiff's Mark was famous at the time that Defendant registered the Domain Names.

15. Defendant registered, trafficked in and/or used the Domain Names with a bad faith intent to profit from the sale of the Domain Names by registering the domain names and attempting to sell the Domain Names to Plaintiff or other persons for profit.

16. As a result of Defendant's violation of the Anticyberquatting Consumer Protection Act, 15 U.S.C. §1125(d), Plaintiff is entitled to injunctive relief and to recover damages and Defendant's profits, all subject to trebling, costs and reasonable attorneys fees, pursuant to 15 U.S.C. §§ 1116 and 1117 or statutory damages pursuant to 15 U.S.C. § 1117.

17. As a result of Defendant's violation of the Anticyberquatting Consumer Protection Act, 15 U.S.C. §1125(d), Plaintiff is entitled to an order directing Defendant to forfeit or cancel or transfer the Domain Names to Plaintiff pursuant to 15 U.S.C. § 1125.

## SECOND CAUSE OF ACTION
### Cyberpiracy
### (15 U.S.C. § 8131(1)(A))

18. Plaintiff refers to and incorporates by this reference all of the allegations of Paragraphs 1 through 17 as though fully set forth herein.

19. The Domain Names contain the name of Plaintiff, another living person.

20. The Domain Names registered by Defendant are identical or confusingly similar to Plaintiff's name, Bernard Berrian.

**COMPLAINT**

21. Defendant registered the Domain Names without Plaintiff's consent and with the specific intent to profit from such names by selling the Domain Names for financial gain to Plaintiff or third parties.

22. As a result of Defendant's cyberpiracy in violation of 15 U.S.C. § 8138(1)(A), Plaintiff is entitled to injunctive relief, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 8131(2).

23. As a result of Defendant's cyberpiracy in violation of 15 U.S.C. § 8131(1)(A), Plaintiff is entitled to an order directing Defendant to forfeit or cancel or transfer the Domain Names to Plaintiff pursuant to 15 U.S.C. § 8131(2).

### THIRD CAUSE OF ACTION
### Cyberpiracy
### (California Business & Professions Code 17525(a))

24. Plaintiff refers to and incorporates by this reference all of the allegations of Paragraphs 1 through 23 as though fully set forth herein.

25. The Domain Names contain the name of Plaintiff, another living person.

26. The Domain Names registered by Defendant are identical or confusingly similar to Plaintiff's name, Bernard Berrian.

27. Defendant registered the Domain Names without Plaintiff's consent and with the bad faith intent to register, traffic in, or use the Domain Names.

28. As a result of Defendant's violation of California Business and Professions Code 17525(a), Plaintiff is entitled to entitled to injunctive relief and to recover damages, costs and reasonable attorneys fees and, because of the willful nature of such acts, punitive damages.

29. As a result of Defendant's violation of California Business and Professions Code 17525 (a), Plaintiff is entitled to an order directing Defendant to forfeit or cancel or transfer the Domain Names to Plaintiff pursuant to California Business and Professions Code section 17528.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION:**

///

1.  For damages according to proof and the Defendant's profits, all subject to trebling, plus prejudgment and post-judgment interest on said amounts at the maximum legal amount or, alternatively, statutory damages;

2.  For a preliminary and permanent injunction enjoining Defendant from advertising for sale, selling, transferring or using the domain names www.bernardberrian.com and www.bberrian.com;

3.  For an order directing Defendant to forfeit or cancel or transfer the Domain Names to Plaintiff;

4.  That Plaintiff recover his costs and reasonable attorneys fees;

**ON THE SECOND CAUSE OF ACTION:**

5.  For a preliminary and permanent injunction enjoining Defendant from advertising for sale, selling, transferring or using the domain names www.bernardberrian.com and www.bberrian.com;

6.  For an order directing Defendant to forfeit or cancel or transfer the Domain Names to Plaintiff;

7.  That Plaintiff recover his costs and reasonable attorneys fees;

**ON THE THIRD CAUSE OF ACTION:**

1.  For damages according to proof;

2.  For a preliminary and permanent injunction enjoining Defendant from advertising for sale, selling, transferring or using the domain names www.bernardberrian.com and www.bberrian.com;

3.  For an order directing Defendant to forfeit or cancel or transfer the Domain Names to Plaintiff;

4.  That Plaintiff recover his costs and reasonable attorneys fees;

5.  For punitive damages;

6.  That Plaintiff recover such other, further or different relief as this Court may deem

///

///

**COMPLAINT**

just and proper.

DATED: October _1_, 2009

BAKER MANOCK & JENSEN, PC

By: _____
John G. Michael
Sherrie M. Flynn
Attorneys for Plaintiff
BERNARD BERRIAN

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff BERNARD BERRIAN hereby demands a jury trial on all issues.

DATED: October _1_, 2009

BAKER MANOCK & JENSEN, PC

By: _____
John G. Michael
Sherrie M. Flynn
Attorneys for Plaintiff
BERNARD BERRIAN

@PFDesktop\::ODMA/MHODMA/DMS;DMS;769106;1

**COMPLAINT**